## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | |
|---|---|
| THE TRANSPORTATION FIRM, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 2:16-cv-02186-SHL-dkv |
| v. ) | |
| ) | JURY DEMANDED |
| ENOBLE, INC. f/k/a ) | |
| NATIONAL BANKERS TRUST ) | |
| CORP., DUDLEY BOYD, and ) | |
| JEFF ROSE, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT JEFF ROSE'S MOTION TO DISMISS**

Plaintiff, The Transportation Firm, LLC ("Plaintiff"), submits its Response to Defendant Jeff Rose's ("Defendant") Motion to Dismiss, stating as follows:

### I.  Introduction

This is an action arising out of two contracts entered into by The Transportation Firm, LLC and Enoble, Inc. ("Enoble").  Jeff Rose was the chief financial officer of Enoble at all times relevant to this action.  In the Complaint, Plaintiff alleged that Defendant "was an officer of Enoble and was responsible for implementing the policies and procedures that damaged Plaintiff as outlined in this Complaint."  Complaint at ¶ 11.  Plaintiff then alleged claims for conversion and fraudulent inducement that arose as a result of the practices that Mr. Rose put into place during his time as an officer of Enoble.  *See* Complaint at ¶¶ 47, 49–52.

### II.  Authority and Analysis

**A.  Legal Standard and Authority**

A court accepts as true the allegations contained in the complaint and construes them in the light most favorable to the plaintiff when determining whether the complaint states a claim.

*Bridge v. Ocwen Fed. Bank, FSB*, 681 F.3d 355, 358 (6th Cir. 2012); *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009).  The complaint must show that the pleader is entitled to relief by providing a short and plain statement of the claim.  *Bridge,* 681 F.3d 355, 358.  "A complaint should not be dismissed 'unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  *Michaels Bldg. Co. v. Ameritrust Co., N.A.*, 848 F.2d 674, 679 (6th Cir. 1988) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)).  In ruling on a Rule 12(b)(6) motion, a court may consider "the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein."  *Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008).

Under Tenn. Code Ann. § 48-18-403(d), corporate officers are immune from claims arising from the discharge of their duties as long as they discharge their duties in compliance with the statute.  *Dolan v. Poston*, 2005 Tenn. App. LEXIS 631, *16 (Tenn. Ct. App. Sept. 29, 2005).  However, the immunity does not apply when the officer fails to act in "good faith and in furtherance of the perceived best interests of the corporation."  *Id*. at *18.

**B. Analysis**

    **1.  Count II - Conversion**

In the Complaint, Plaintiff alleged that Defendant is "an officer of Enoble and was responsible for implementing the policies and procedures that damaged Plaintiff as outlined in this Complaint."  Complaint at ¶ 11.  Through this statement, Plaintiff put Defendant on notice that it was alleging that Defendant was responsible for all of the damaging allegations contained in the Complaint.  Plaintiff also identified the procedures that amounted to conversion as follows:

> When Enoble issued electronic funds source checks to Plaintiff and kept the unused balances from the checks, held Plaintiff's funds in its own account rather than exercising due diligence in determining the rightful owner of the money, and actively collected on accounts it included in the Buyout, it appropriated Plaintiff's property to its use, intentionally exercising dominion in defiance of Plaintiff's right to the money, and Plaintiff was damaged both actually because Enoble still possesses some if its money and consequentially because its operational funds were wrongfully reduced.

Complaint at ¶ 47.

In order to state a claim for conversion, a plaintiff must allege that there was an appropriation of another's tangible property to one's use and benefit, an intentional exercise of dominion over the chattel alleged to have been converted, and defiance of the true owner's right to the chattel. *White v. Empire Express, Inc.*, 395 S.W.3d 696, 720 (Tenn. Ct. App. 2012). All of the elements of a conversion claim are alleged in paragraph 47 of the Complaint and all of them are attributed to Defendant via paragraph 11 of the Complaint.

Plaintiff also alleged that Defendant acted in bad faith when it included a claim for breach of the implied duty of good faith and fair dealing. Complaint at ¶ 42. This claim mentioned the same conversion of funds included in Count II (conversion) when it alleged that Plaintiff's funds were deducted from its account and that Plaintiff was denied access to those funds. *Id*. at ¶¶ 42, 47. This claim put Defendant on notice that Plaintiff believed he acted in bad faith, losing his immunity under Tenn. Code Ann. § 48-18-403(d). *Dolan,* 2005 Tenn. App. LEXIS 631, *16. Defendant's pattern of bad faith is also shown through the email he mistakenly sent to Donald McKnatt, president of Plaintiff, in which he instructed Enoble's employees not to spend time on Plaintiff's questions about issues with the Buyout Agreement ("Buyout") into which Plaintiff and Enoble entered. *See* McKnatt Aff. at ¶ 11. Enoble had a continuing duty under the Buyout for ninety (90) days to forward funds to Plaintiff's new factoring company within fourteen (14) days of receiving them. *See* Complaint Exh. 2 at ¶ 11. When Defendant

instructed Enoble's employees that Enoble's obligations were complete less than one month into the ninety-day period, Defendant again showed his bad faith. Over $51,390.00 was forwarded more than fourteen (14) days after Enoble received it, which can be attributed at least in part to Defendant's email to Enoble's employees. *See* McKnatt Aff. at ¶ 5.

### 2. Count III – Fraudulent Inducement

When ruling upon a motion to dismiss under Rule 9(b), a court must construe Rule 9(b)'s heightened pleading standard in the context of Rule 8's policy of simplicity in pleading. *Michaels Bldg. Co.*, 848 F.2d 674, 679. Rule 9(b)'s particularity requirement cannot be emphasized to the point that it trumps Rule 8's emphasis on general simplicity and flexibility in pleading. *Id*. The purpose of Rule 9(b) is to ensure that the defendant receives fair notice of the substance of a claim so that the defendant may properly respond to it. *Id*. "Especially in a case in which there has been no discovery, courts have been reluctant to dismiss the action where the facts underlying the claims are within the defendant's control." *Williams v. Duke Energy Int'l, Inc.*, 681 F.3d 788, 803 (6th Cir. 2012) (quoting *Michaels Bldg. Co. v. Ameritrust Co., N.A.*, 848 F.2d 674, 680 (6th Cir. 1988)). The Sixth Circuit reads Rule 9(b) liberally, requiring the plaintiff, at a minimum, to "allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *Coffey v. Foamex L.P.*, 2 F.3d 157, 161–62 (6th Cir. 1993) (quoting *Ballan v. Upjohn Co.*, 814 F. Supp. 1375, 1385 (W.D. Mich. 1992)). "Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b).

To state a claim for fraudulent inducement, the plaintiff must show a false statement concerning a fact material to the transaction, knowledge of the statement's falsity or utter

disregard for its truth, intent to induce reliance on the statement, reliance under circumstances manifesting a reasonable right to rely on the statement, and an injury resulting from reliance. *Lamb v. Megaflight, Inc.*, 26 S.W.3d 627, 630 (Tenn. Ct. App. 2000).  Plaintiff stated a claim for fraudulent inducement against Defendant when it alleged that Enoble, acting under Defendant's direction, misrepresented the face value of the "open invoices" included in the Buyout either intentionally or with utter disregard for the accuracy of the value and provided an inaccurate figure in the Buyout, again intentionally or with utter disregard for its accuracy.  Complaint at ¶¶ 11, 49.  The value of the accounts at issue is plainly material to a contract for the purchase of accounts.  Plaintiff also alleged that Enoble intended that Plaintiff and its new factoring company would rely upon its misrepresentations and purchase the accounts for an amount greater than their value, that Plaintiff had a right to rely on the accuracy of the amounts because they were provided to it by its factoring company, which is similar to a bank and is expected to keep accurate accounting records, and that Plaintiff was injured when it had to pay its new factoring company back for invoices that Enoble wrongfully included in the Buyout, as they had already been paid to Enoble.  Complaint at ¶¶ 50–52.

In order to satisfy the particularity requirement of Rule 9(b) regarding the time and place of the fraud, Plaintiff identified the dates that employees of Enoble, acting in accordance with Defendant's practices, sent the fraudulent figures to Plaintiff via email, presumably from Enoble's office in Memphis, Tennessee.  *See* Complaint at ¶¶ 28–32.  Plaintiff also alleged that Enoble either intentionally misrepresented the value of the invoices or utterly disregarded the accuracy of the amount included in the email and Buyout.  *Id.*  Thus, Plaintiff has clearly satisfied the requirements of Rule 9(b) and alleged that Defendant was directly responsible for

the damaging allegations, including the fraud perpetrated by those answering to him. *See* Complaint at ¶ 11.

A fraudulent inducement claim inherently requires bad faith and/or an absence of exercising a reasonable amount of care because it requires that the defendant have knowledge of a statement's falsity or utter disregard for its truth and intend to induce another to act in reliance upon the statement. Because Defendant again acted in bad faith, he cannot claim immunity under Tenn. Code Ann. § 48-18-403(d). *Dolan,* 2005 Tenn. App. LEXIS 631, *16.

### III.  Conclusion

Defendant's Motion to Dismiss should be denied as to the claims for conversion and fraudulent inducement because Plaintiff stated valid claims for both against Defendant.

Respectfully submitted,

s/ Russell E. Fox_____
Russell E. Fox (BPR #27232)
The Law Office of Russell E. Fox, PLLC
4728 Spottswood Ave., Ste. 373
Memphis, TN  38117
(901) 412-8188
russellefox@gmail.com
*Attorney for Plaintiff*

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing pleading has been filed with the Court and that all parties will be served via the Court's CM/ECF on the 2nd day of June, 2016.

s/ Russell E. Fox_____